# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**KEVONNA MICHELLE YOUNG,**

**PLAINTIFF,**

**v.**                                                    **CASE NO. 1:19-cv-04461**

**INSTANT BRANDS, INC., and DOUBLE**          **JUDGE WILLIAM M. RAY, II**
**INSIGHT, INC., d/b/a INSTANT POT**
**COMPANY,**

**DEFENDANTS.**

**DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Instant Brands, Inc. ("Defendant" or "Instant Brands"), pursuant to Rule 33 of

the Federal Rules of Civil Procedure, serves its objections and responses to Plaintiff's First

Interrogatories.

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are hereby incorporated by reference into

each of the Specific Responses set forth below, and have the same force and effect as if fully set

forth therein.

1.      Defendant objects to these Interrogatories to the extent they seek to establish or

imply a waiver of Defendant's right to challenge the relevancy, materiality or admissibility of the

information or documents provided by Defendant, or Defendant's right to objects to the use of

the information or documents in any subsequent proceeding or trial. In responding to these

Interrogatories, Defendant does not waive its right to challenge the relevancy, materiality and/or

admissibility of the information or documents provided by Defendant, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.     Defendant objects to these Interrogatories to the extent they seek to impose rules, requirements, definitions, or obligations upon Defendant that are inconsistent with or beyond those contained in the Federal Rules of Civil Procedure and/or any other applicable rules.

3.     Defendant objects to these Interrogatories to the extent they call for information protected against disclosure by the attorney-client privilege or the attorney work product doctrine. This objection applies, inter alia, to each Interrogatory utilizing words or phrases that expand the scope of the Interrogatory so as to potentially include privileged information. Any undertakings to provide information in response to any of these Interrogatories should be understood to exclude privileged information. Inadvertent revelation of any protected information will not constitute a waiver of any privilege or any other ground for objections to discovery of the protected information and will not waive the right of Defendant to object to the use of the information during this proceeding.

4.     Defendant objects to these Interrogatories to the extent they seek trade secret, proprietary, confidential, developmental, and/or non-public or commercial information of Defendant or any third-party who has provided information to Defendant with the expectation of confidentiality. Defendant will produce such confidential information or documents only upon entry of, and subject to, an appropriate Protective Order by the Court and for use only in this proceeding.

5.     Defendant objects to these Interrogatories to the extent they use terms and phrases which are not defined and/or are ambiguous. As a result, such Interrogatories may call for information that is not relevant to an issue in this litigation. The nature of the specific ambiguity

may be set forth in greater detail in Defendant's Responses and Objections. Defendant further objects to these Interrogatories to the extent that words such as "all documents" or "related to," or similar words that may be interpreted so broadly as to call for information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or imposes an unreasonable burden on Defendant.

6.     Defendant objects to these Interrogatories to the extent they seek information related to other products or models other than Plaintiff's specific product and/or model.

7.     Defendant objects to these Interrogatories to the extent they seek confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician/patient privilege and/or federal or state statutory and regulatory law, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, et seq.

9.     Defendant objects to these Interrogatories to the extent they seek or purport to seek information that is outside the possession, custody or control of Defendant, and/or insofar as they seek information that is already within the possession of Plaintiff, or to which Plaintiff has equal access, or which is in the public domain.

10.     Defendant objects to these Interrogatories to the extent Plaintiff asserts that Defendant's Responses and Objections thereto constitute an adoption or acceptance of terms or definitions that Plaintiffs have employed. In responding to these Interrogatories, Defendant does not adopt, embrace or accept any term or definition employed by Plaintiff. Defendant has made reasonable efforts to respond to these Interrogatories based on its reasonable interpretation thereof. If Plaintiff subsequently asserts an interpretation of any Interrogatory that differs from Defendant's, Defendant reserves the right to supplement its Responses and Objections.

11.     Defendant's searches for information and documents are ongoing and its Responses and Objections to these Interrogatories are based upon the information and documents presently available. Defendant expressly reserves the right to supplement its Responses and Objections to Plaintiff's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure based upon information learned during discovery and after further investigation.

12.     Defendant objects to Plaintiff's Interrogatories because they are not reasonably limited in time and therefore are overly broad, unduly burdensome and seek information not relevant to the issues in this proceeding and not proportional to the needs of the case.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who provided information to you or that you contacted in preparing your responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Production and/or First Set of Requests for Admission.

**RESPONSE: Defendant was assisted by counsel in the preparation of these responses based on information compiled by Defendant through its counsel.**

**INTERROGATORY NO. 2:** Identify by model number every pressure cooker you sell or have sold (including without limitation all variations (e.g. V2, V3, etc.) of the Duo 6 Quart, Duo 8 Quart, Duo Plus 3 Quart, Duo Plus 6 Quart, Duo Plus 8 Quart, Duo Nova 3 Quart, Duo Nova 6 Quart, Duo Nova 8 Quart, Duo Nova 10 Quart, Smart Wifi 6 Quart, Duo Evo Plus 6 Quart, Duo Evo Plus 8 Quart, Duo SV 6 Quart, Viva 6 Quart, Viva 8 Quart, Duo Crip 8 Quart, Ultra 3 Quart, Ultra 6 Quart, Ultra 8 Quart, Max 6 Quart, Max 8 Quart, Gem 6 Quart, Gem 8 Quart, Lux 3 Quart, Lux 6 Quart, Lux 8 Quart) that includes any of the following safety terminology in its owner's manual or other similar documentation. If the owner's manual or other similar documentation for any of your pressure cookers contains some but not all of the following safety

terminology, specify which safety terminology it contains and which it does not. The safety terminology at issue is used on page 4 of the owner's manual for the LUX-60 V3 ("Lux 6 Quart") model pressure cooker involved in this lawsuit:

    a.      Safety lid lock;

    b.      Pressure regulator;

    c.      Leaky lid smart detection;

    d.      Anti-blockage vent;

    e.      Magnetic sensor for lid position detection;

    f.      Auto pressure control;

    g.      Excess pressure protection;

    h.      Auto temperature control;

    i.      High temperature monitoring; and

    j.      Power fuse cut off.

**<u>RESPONSE</u>: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects that this Interrogatory seeks publicly accessible information and documents which are equally available to Plaintiff.**

Subject to and without waiving these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant refers Plaintiff to the user manual for the IP-LUX-60 V3, which speaks for itself, and will be produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 3:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, specify:

a.      The manufacturer(s) and their relationship to you;

b.      The dates of production for each manufacturer;

c.      The number of units sold to date in the United States for each manufacturer; and

d.      The number of units sold to date world-wide for each manufacturer.

**RESPONSE:** Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Additionally, Defendant objects on grounds that this request improperly seeks information related to sales including sales outside of the U.S., which information is neither relevant nor proportional to the needs of the case.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. The manufacturer of the

product at issue in this case is **Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea"). Defendant does not have responsive information regarding the production dates for the IP-LUX-60 V3, which would be maintained by Midea. Defendant is not in possession of information relating to the number of IP-LUX-60 V3 products sold in Georgia during the relevant time period.**

**INTERROGATORY NO. 4:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, explain in detail the meaning of each letter, number, code, code word, code number or other symbol appearing on each pressure cooker and on each of the safety components listed in subparts a-j. Include in your response, without limitation, all codes and other information identifying the manufacturer, place of manufacture, date of manufacture, and lot or batch number for each pressure cooker and each of the safety components listed in subparts a-j of Interrogatory No. 2.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that "each letter, number, code, code word, code number or other symbol . . . and other information" is vague and ambiguous as these terms are undefined.**

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant states that as to the label on Plaintiff's IP-LUX-60 V3, the "9H06" is a control number issued by the UL. The "E214884" is the UL file number.**

**INTERROGATORY NO. 5:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2:

a.      Identify the person(s) who designed each pressure cooker model, and identify the design documents;

b.      Identify all changes made in the design of each pressure cooker model from the initial date of production to the present, identify the person(s) responsible for each change, explain the reason(s) for each change, and identify the design change documents;

c.      Identify the person(s) who designed the testing protocols for each pressure cooker model, describe the testing protocols, and identify the testing protocol documents;

d.      Identify the person(s) who tested each pressure cooker model, and identify the documents showing when, where and how the tests were performed and what the test results were; and

e.      Identify all safety or other certifications sought and/or obtained for each pressure cooker model, identify the person(s) responsible for seeking every such certification, and identify the certification documents.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models**

other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant further responds that Midea is the manufacturer of IP-LUX-60 V3. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea manufactured the product to meet UL certifications and retains the original UL certificates on its own behalf. Through its patents, Midea owns the mechanical operation of the Instant Pot models that it manufactures and Midea makes independent decisions to change design elements of the Instant Pot models that it manufactures, including the IP-LUX-60 V3.

**INTERROGATORY NO. 6:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2:

      a.      Identify the person(s) who designed the "Safety lid lock" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

      b.      Identify the person(s) who designed the "Pressure regulator" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

      c.      Identify the person(s) who designed the "Leaky lid smart detection" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

d.      Identify the person(s) who designed the "'Anti-blockage vent" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

e.      Identify the person(s) who designed the "'Magnetic sensor for lid position detection" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

f.      Identify the person(s) who designed the "'Auto pressure control" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

g.      Identify the person(s) who designed the "Excess pressure detection" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

h.      Identify the person(s) who designed the "Auto temperature control" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

i.      Identify the person(s) who designed the "High temperature monitoring" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

j.      Identify the person(s) who designed the "Power fuse cut off" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the design documents;

k.      Describe in detail the purpose(s) and function(s) of each of the "10 proven safety mechanisms" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual;

l.      Identify the person(s) who designed the testing protocols for each of the "10 proven safety mechanisms" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify the testing protocol documents;

m.      Identify the person(s) who tested each of the "10 proven safety mechanisms" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and identify all documents showing when, where and how the tests were performed and what the test results were; and

n.      Identify all safety or other certifications sought and/or obtained for each of the "10 proven safety mechanisms" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, identify the person(s) responsible for seeking every such certification, and identify all certification documents.

**RESPONSE**: **Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case.**

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-LUX-60 V3, would have the information requested. Although Defendant defines product requirements for Midea and provides Midea with customer feedback, it is Midea's sole responsibility to manufacture and mechanically design**

the product to meet those requirements. **Midea retains the original UL certificates on its own behalf. Through its patents, Midea owns the mechanical operation of the Instant Pot models that it manufactures and Midea makes independent decisions to change design elements of the Instant Pot models that it manufactures, including the IP-LUX-60 V3. Defendant also refers Plaintiff to product documents for the IP-LUX60 V3 for the relevant time period, which may contain responsive information and will be produced in response to Plaintiff's Requests for Production.**

**INTERROGATORY NO. 7:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, identify all warnings and instructions you provided regarding the lid removal burn hazard, and state the dates and substance of any changes made to those warnings and instructions.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that this request is vague and ambiguous in its use of the term "lid removal burn hazard."**

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant further responds that Midea is the manufacturer of IP-LUX-60 V3. Midea provided original**

**warnings and instructions with the IP-LUX-60 V3. Defendant further refers Plaintiff to the applicable user manual for the IP-LUX-60 V3, which speaks for itself and will be produced in response to Plaintiff's Requests for Production.**

**INTERROGATORY NO. 8:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, describe in detail all tests, investigations, studies, evaluations and assessments undertaken prior to the first report of burn injuries associated with your pressure cookers to ensure that your pressure cookers did not pose the lid removal burn hazard and were safe for use by consumers; and identify all documents showing when, where and how the tests, investigations, studies, evaluations and assessments were performed and what the results were for each test, investigation, study, evaluation and assessment.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Interrogatory seeks information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on grounds that this request is vague and ambiguous in its use of the term "lid removal burn hazard."**

3a2eca331c

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX-60 V3, as alleged in Plaintiff's Complaint. Defendant further responds that Midea is the manufacturer of IP-LUX-60 V3. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Through its patents, Midea owns the mechanical operation of the Instant Pot models that it manufactures and Midea makes independent decisions to change design elements of the Instant Pot models that it manufactures, including the IP-LUX-60 V3. Midea manufactured the product at issue to meet UL certifications. Midea, without any involvement by Defendant, tested the product at issue to ensure its design and product is safe to use.**

**INTERROGATORY NO. 9:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, describe in detail all tests, investigations, studies, evaluations and assessments undertaken after the first report of burn injuries associated with your pressure cookers to ensure that your pressure cookers did not pose the lid removal burn hazard and were safe for use by consumers; and identify all documents showing when, where and how the tests, investigations, studies, evaluations and assessments were performed and what the results were for each test, investigation, study, evaluation and assessment.

**RESPONSE:** Defendant objects to Interrogatory No. 9 as duplicative of Interrogatory No. 8. Defendant refers Plaintiff to its responses and objections to Interrogatory No. 8.

**INTERROGATORY NO. 10:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answers to Interrogatory No. 2, identify each complaint, claim

or incident in which it is alleged that a person was burned in connection with the use of one of your pressure cookers. For each such complaint, claim or incident:

    a.      Describe the complaint, claim or incident with sufficient particularity that Plaintiff can locate it and can understand how it came to your attention;

    b.      State the date on which you first became aware of the complaint, claim or incident and how you became aware of it;

    c.      State the details of the complaint, claim or incident, including without limitation the identity of the person(s) involved, a description of what allegedly occurred, and the pressure cooker model allegedly involved;

    d.      If any defect in your pressure cooker was alleged in the complaint, claim or incident, state the nature of the alleged defect;

    e.      If the complaint, claim or incident was in the form of a lawsuit, identify the court, case caption, and docket number; and

    f.      If you contend any complaint, claim or incident is not substantially similar to Plaintiff's claims in this lawsuit, state all of the facts and identify all of the documents that support your contention.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in**

this case. Defendant further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation.

The only product at issue in this action is the IP-LUX-60 V3 as Plaintiff acknowledges in her Complaint. Information regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit.

Defendant cannot respond to this Interrogatory as presently drafted.

**INTERROGATORY NO. 11:** Identify each person acting on your behalf who is or has been responsible for receiving, evaluating, investigating and/or responding to any complaints, claims, or incidents in which it is alleged that a person was burned in connection with the use of one of your pressure cookers.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, seeking information and documents neither relevant to the claims or defenses of any party nor proportional to the needs of this case, and unduly burdensome. Defendant objects on grounds that the undefined terms "receiving, evaluating, investigating and/or responding" are vague and ambiguous. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, attorney work product doctrine, trial preparation doctrine, or any other applicable privilege or immunity.

The only product at issue in this action is the IP-LUX-60 V3 as Plaintiff acknowledges in her Complaint. Information regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit.

Subject to those objections, Defendant identifies Victoria Chechui, Director of Customer Care for Instant Brands.

**INTERROGATORY NO. 12:** Describe in detail your practices, policies and procedures for post-marketing surveillance regarding the safety of your products, including your pressure cookers; identify the person(s) responsible for your post-marketing surveillance program; and identify all documents that record or reflect your post-marketing surveillance practices, policies and procedures.

**RESPONSE: Defendant objects on grounds that the Interrogatory is overly broad because it seeks information regarding "your products, including your pressure cookers," which improperly seeks information on products and/or models that are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant objects to this Interrogatory as vague and ambiguous on grounds that the terms "practices, policies, procedures . . . [and] post-marketing surveillance program" are undefined. Defendant further objects that this Interrogatory assumes facts not in evidence. Defendant also objects that this Interrogatory seeks information that is protected by the attorney-client privilege, attorney work product doctrine, trial preparation doctrine, and any other applicable privilege or immunity.**

The only product at issue in this action is the IP-LUX-60 V3 as Plaintiff acknowledges in her Complaint. Information regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit.

**Subject to these objections, Defendant states that it investigates customer complaints and product returns.**

<u>**INTERROGATORY NO. 13**</u>**:** Describe in detail the quality control and/or quality assurance policies and procedures used at the factories where Instant Brands pressure cookers are manufactured, to help ensure that each pressure cooker is manufactured in accordance with its design specifications; identify the person(s) responsible for quality control and/or quality assurance; and identify all documents that record or reflect the applicable quality control and/or quality assurance policies and procedures.

      <u>**RESPONSE**</u>**: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case.**

      **Subject to these objections, Defendant states that Midea is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot at issue in this case. Although Defendant defines product requirements for Midea and provides Midea with customer feedback, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Through its patents, Midea owns the mechanical operation of the Instant Pot models that it manufactures and Midea makes independent decisions to change design elements of the Instant Pot models that it manufactures, including the IP-LUX-60 V3. Midea, without any involvement by Defendant,**

tested the IP-LUX-60 V3 to ensure its design and product is safe to use.  Quality control is the sole responsibility of Midea and Midea does not provide and has never provided Defendant with any quality control or quality assurance documentation, policies or procedures for the IP-LUX-60 V3. Defendant has no control over the quality control or quality assurance process for the IP-LUX-60 V3.

**INTERROGATORY NO. 14:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, identify all of your owned and licensed intellectual property, including patents on said pressure cooker designs or pressure cooker components, along with all patent numbers and marks.

**RESPONSE:** Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX-60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant states that Midea is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot model at issue in this case. Instant Brands holds no patents for the IP-LUX-60 V3 product at issue in this case. Upon information and belief, all utility patents regarding the functionality and safety features of the Instant Pot model at issue in this litigation, which was manufactured by Midea, are held by Midea. Below is information on Midea's and Defendant's patents.

**Midea's Utility Patents:**

1.  **CN 101248958 B (Application No. 200810027114.X), Title: An Electric Pressure Cooker; Filing Date: 3/31/2008**

2.  **CN 101716048 B (Application No. 200910214039.2), Title: A Detachable Electric Pressure Cooker; Filing Date: 12/22/2009**

3.  **CN 102028401 B (Application No. 201010606410.2), Title: A Safe Electric Pressure Cooker; Filing Date: 12/27/2010**

4.  **CN 102068198 B (Application No. 201110031358.7), Title, A Combined Pressure Switch and an Electric Pressure Cooker Adopting the Switch; Filing Date: 1/28/2011**

5.  **CN 102113818 B (Application No. 201010606421.0), Title: Detecting Devices for Pressure and Lid-in-Place of an electric pressure cooker; Filing Date: 12/27/2010**

6.  **CN 102178450 B (Application No. 201110127076.7), Title: A Pressure-limiting Valve of Electric Pressure Cooker; Filing Date: 5/17/2011**

7.  **CN 102406441 B (Application No. 201110396187.8), Title: A Control Method for Preventing Food Eruption while Opening an Electric Pressure Cooker Quickly; Filing Date: 12/2/2011**

8.  **CN 102445335 B (Application No. 201110303912.2), Title: A Pressure Detection Method for Electric Pressure Cooker; Filing Date: 10/10/2011**

9.  **CN 102551515 B (Application No. 201210005471.2), Title: A Device for Opening-Closing the Cover of an Electric Pressure Cooker; Filing Date: 1/10/2012**

10. **CN 102846190 B (Application No. 201110198130.7), Title: An Electric Pressure Cooker Lid and its Preparation Method; Filing Date: 7/15/2011**

11. **CN 102871537 B (Application No. 201110198188.1), Title: An Outer Pot of Electric**

Pressure Cooker and its Preparation Method; Filing Date: 7/15/2011

12. CN 103082862 B (Application No. 201110333963.X), Title: A Control Method for Preparing Steamed Eggs by Electric Pressure Cooker; Filing Date: 10/28/2011

13. CN 103105875 B (Application No. 201110361334.8), Title: A control Method for Pancake Cooking by Electric Pressure Cooker; Filing Date: 11/15/2011

14. CN 103536193 B (Application No. 201310465305.5), Title: A Control Method and Apparatus of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 10/8/2013

15. CN 103536194 B (Application No. 201310467658.9), Title: A Control Method of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 10/9/2013

16. CN 103654373 B (Application No. 201210333225.X), Title: A Control Method of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 9/10/2012

17. CN 103799847 B (Application No. 201310439725.1), Title: A Control Method of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 11/6/2012

18. CN 103892700 B (Application No. 201210585756.8), Title: An Electric Pressure Cooker; Filing Date: 12/30/2012

19. CN 103960963 B (Application No. 201410206239.4), Title: A Control System of Menu Selection and an Electric Pressure Cooker; Filing Date: 5/15/2014

20. CN 103960964 B (Application No. 201310032740.9), Title: An Overpressure Protection Device for Electric Pressure Cooker and an Electric Pressure Cooker with Such a Protection Device; Filing Date: 1/8/2013

21. CN 103976642 B (Application No. 201410183208.1), Title: A Lid-Opening Apparatus of Electric Pressure Cooker and an Electric Pressure Cooker with Such

an Apparatus; Filing Date: 4/30/2014

22. CN 103976643 B (Application No. 201410183267.9), Title: A Lid-opening Apparatus of Electric Pressure Cooker and An Electric Pressure Cooker; Filing Date: 4/30/2014

23. CN 103976645 B (Application No. 201410183284.2), Title: A Lid-opening Apparatus of Electric Pressure cooker and an Electric Pressure cooker; Filing Date: 4/30/2014

24. CN 103976646 B (Application No. 201410183300.8), Title: A Lid-opening Apparatus of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 4/30/2014

25. CN 103976647 B (Application No. 201410183311.6), Title: A Lid-opening Apparatus of Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 4/30/2014

26. CN 104083078 B (Application No. 201410332107.6), Title: A Control Method and a Control Apparatus for Electric Pressure Cooker, and an Electric Pressure Cooker; Filing Date: 7/11/2014

27. CN 104414438 B (Application No. 201310393374.X), Title: A Control Method and a Control Apparatus for Electric Pressure Cooker, and an Electric Pressure Cooker; Filing Date: 9/2/2013

28. CN 104414441 B (Application No. 201310394698.5), Title: An Automatic Lid-opening Apparatus and its Control Method for Electric Pressure Cooker, and An Electric Pressure Cooker; Filing Date: 9/2/2013

29. CN 104688025 B (Application No. 201310647137.1), Title: A Pressure Cooker and its Control Method; Filing Date: 12/4/2013

30. CN 104887063 B (Application No. 201410075304.4), Title: An Electric Pressure Cooker; Filing Date: 3/3/2014

31. CN 105011742 B (Application No. 201510466932.X), Title: A Reset Module for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 7/30/2015

32. CN 105105626 B (Application No. 201510565795.5), Title: A Control Method and Control Module for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 9/7/2015

33. CN 105476461 B (Application No. 201410480035.X), Title: An Electric Pressure Cooker; Filing Date: 9/18/2014

34. CN 105476462 B (Application No. 201410537585.0), Title: A Cooking Method of Electric Pressure Cooker; Filing Date: 10/13/2014

35. CN 105595801 B (Application No. 201410655459.5), Title: An upper cover of electric pressure cooker and an electric pressure cooker; Filing Date: 11/17/2014

36. CN 105640308 B (Application No. 201410652472.5), Title: An upper cover of electric pressure cooker and an electric pressure cooker; Filing Date: 11/17/2014

37. CN 105662125 B (Application No. 201410655331.9), Title: An Electric Pressure Cooker; Filing Date: 11/17/2014

38. CN 105877479 B (Application No. 201510039617.9), Title: An Electric Pressure Cooker and its Cooking Control Method; Filing Date: 1/26/2015

39. CN 106562666 B (Application No. 201510660880.X), Title: An Upper Cover Module of Electric Pressure Cooker; Filing Date: 10/13/2015

40. CN 106562667 B (Application No. 201510661102.2), Title: An Upper Cover Module for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 10/13/2015

41. CN 106580073 B (Application No. 201510686000.6), Title: An Upper Cover Module

for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 10/20/2015

42. **CN 107174116 B (Application No. 201610363577.8), Title: An Upper Cover Module for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 5/26/2016**

43. **CN 107174117 B (Application No. 201610988168.7), Title: An Upper Cover Module for Electric Pressure Cooker and an Electric Pressure Cooker; Filing Date: 11/9/2016**

**Instant Brands' Design Patents:**

1. **CA 178559; Title: Pressure Cooker; Filing Date: 12/8/2017; Issue Date: 10/1/2018**

2. **CA 178560; Title: Display Screen With Graphical User Interface; Filing Date: 12/8/2017; Issue Date: 8/6/2019**

3. **CA 180614; Title: Cooker; Filing Date: 4/4/2018; Issue Date: 3/8/2019**

4. **CA 180629; Title: Display Screen with Graphical User Interface; Filing Date: 4/5/2018; Issue Date: 8/6/2019**

5. **CA 180630; Title: Display Screen with Graphical User Interface; Filing Date: 4/5/2018; Issue Date:8/6/2019**

6. **US D838546; Title: Pressure Cooker control panel; Filing Date: 4/27/2018; Issue Date:1/22/2019**

7. **US D852224; Title: Display Screen with Graphical User Interface; Filing Date: 5/11/2018; Issue Date: 6/25/2019**

**Instant Brands' Utility Patents:**

1. **CN ZL2018217318689; Title: 一种压力烹饪器具及其锅盖; Filing Date: 10/24/2018;**

Issue Date: 9/6/2019

2. **CN ZL201821769744X; Title: 一种烹饪器具; Filing Date: 10/30/2018; Issue Date: 9/6/2019**

3. **CN ZL2018219415448; Title: 一种烹饪器具; Filing Date: 11/23/2018; Issue Date: 9/6/2019**

4. **CN ZL2019208598505; Title: 插头组件及多用途锅具; Filing Date: 6/6/2019; Issue Date: 1/3/2020**

**INTERROGATORY NO. 15:** Describe in detail all communications, including videos, you have had with the Consumer Product Safety Commission and any other governmental or regulatory entity regarding Instant Brands pressure cookers, and identify all documents that record or reflect any such communications.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this the Interrogatory seeks information regarding other claims, complaints, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds that this Interrogatory seeks publicly accessible information and documents which are equally available to Plaintiff.**

**Subject to those objections, Defendant states that responsive information would be published on the CPSC website and therefore equally accessible to Plaintiff.**

**INTERROGATORY NO. 16:** Identify and describe in detail all communications you have had with anyone associated with the Plaintiff in this lawsuit other than their attorneys, including but not limited to the Plaintiff herself.

    **RESPONSE: None.**

**INTERROGATORY NO. 17:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, explain whether you have changed or considered changing the warnings and instructions provided to consumers regarding the lid removal burn hazard. If such warnings and instructions have been changed or you have considered changing them, identify all documents discussing the changes and/or potential changes.

    **RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case Defendant objects to this Interrogatory on grounds that it is vague and ambiguous in its use of the term "lid removal burn hazard."**

    **Subject to those objections, Defendant states that Midea is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot model at issue in this case. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product**

to meet those requirements. **Midea provided original warnings and instructions with the IP-LUX60 V3. Defendant further refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself and will be produced in response to Plaintiff's Requests for Production.**

**INTERROGATORY NO. 18:** Describe the corporate relationships between Instant Brands, Inc., Double Insight, Inc., Instant Pot Company, and any other companies that designed, manufactured, tested, distributed, marketed, sought regulatory approval, obtained regulatory approval, created warnings or instructions, or provided warnings or instructions for LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2. Include in your response any common ownership and common executives between the companies; any changes in the companies' relationships over time; and if any other companies were or are involved other than Instant Brands, Inc., Double Insight, Inc. and Instant Pot Company, describe in detail what such other companies did and identify all documents recording or reflecting what such other companies did.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case.**

**Subject to those objections, Defendant responds that in May of 2018, Double Insight Inc. changed its corporate name to Instant Brands, Inc.  Instant Brands, Inc. is a wholly**

owned subsidiary of Instant Brands Holdings, Inc.  Upon information and belief, Instant Pot Company has never been used as a corporate entity name. Defendant further responds that Midea is the manufacturer of IP-LUX60 V3.

**INTERROGATORY NO. 19:** Identify all Instant Brands pressure cooker product manuals, product and promotional literature, web pages, social media postings, promotional videos and all other documents containing language to the effect that the lid of an Instant Brands pressure cooker "won't open until the float valve drops down"[1]; and identify the person, committee or other entity responsible for reviewing and approving all such language.

**RESPONSE:  Defendant objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Interrogatory seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects that this Interrogatory seeks publicly accessible information and documents which are equally available to Plaintiff.**

**Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself and will be produced in response to Plaintiff's Requests for Production. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff.**

---

[1] *See* LUX 60 V3 Owner's manual, page 9.

**INTERROGATORY NO. 20:** Do you know why consumers are able to remove the lid of an Instant Brands pressure cooker when it is still pressurized? If so, explain in detail why they are able to remove the lid and how you reached your conclusions on that issue. If not, describe in detail all steps you have taken in an effort to understand why consumers are able to remove the lid of an Instant Brands pressure cooker when it is still pressurized, and describe any further steps planned or considered for the future.

**RESPONSE: Defendant objects to this Interrogatory on grounds that it misstates the facts and seeks information that requires expert witness opinion.  Subject to these objections, Defendant refers Plaintiff to its expert disclosures, which will be produced pursuant to the Court's Scheduling Order.**

**INTERROGATORY NO. 21:** Have you discussed or considered issuing a voluntary recall for any of your pressure cookers? If so, identify all persons involved in those discussions or considerations and identify all documents pertaining to them.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this Interrogatory on the grounds that it assumes facts and calls for speculation. Defendant further objects to this Interrogatory on the grounds that it seeks discovery which is not proportional to the needs of the case and/or on matters outside the scope of FRCP Rule 26(b)(1). Defendant further objects to this Interrogatory on the grounds that it seeks information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to this Interrogatory on the grounds that it seeks information which is confidential or proprietary in nature and/or which constitute trade secrets. Defendant further objects to this Interrogatory on the**

grounds that it seeks the premature disclosure of information reflecting expert analysis or opinion in violation of the provisions of FRCP Rule 26 et seq. Subject to and without waiving this objection or the General Objections set forth above, Defendant responds as follows:

The only product at issue in this action is the IP-LUX60 V3 as Plaintiff acknowledges in her Complaint. Information regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit.

Subject to those objections, Defendant has not considered any voluntary recall for the IP-LUX60 V3. Defendant further responds that it is simply not possible to reduce to writing all decision-making processes or the full universe of considerations that go into determining whether a voluntary recall might be appropriate in any particular case.

Discovery is continuing and Defendant reserves the right to supplement this response based on newly-discovered or acquired evidence.

**INTERROGATORY NO. 22:** Describe in detail the factual basis for each affirmative defense stated in your Answer to the Complaint, and identify all documents that you contend support your alleged factual basis for each new matter and affirmative defense.

**RESPONSE:** Defendant refers Plaintiff to Defendant's Answer, Initial Disclosures, discovery responses, and Defendant's forthcoming Expert Disclosures and Expert Reports. Defendant will disclose any and all documents and evidence it intends to use in the trial of this matter throughout the course of fact and expert discovery, which is ongoing.

**INTERROGATORY NO. 23:** For each response to Plaintiff's First Set of Requests for Admission for which you provided anything other than an unqualified admission, explain in

detail all facts and contentions upon which you based your response, and identify all documents on which you rely for your response.

**RESPONSE:** **Please refer to Defendant's objections and responses to Plaintiff's Requests for Admissions. Defendant refers Plaintiff to Defendant's Answer, Initial Disclosures, discovery responses, and Defendant's forthcoming Expert Disclosures and Expert Reports. Defendant will disclose any and all documents and evidence it intends to use in the trial of this matter throughout the course of fact and expert discovery, which is ongoing.**

This 12th day of August, 2020.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KEVONNA MICHELLE YOUNG,** | |
| **PLAINTIFF,** | |
| **v.** | **CASE NO. 1:19-cv-04461** |
| **INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,** | **JUDGE WILLIAM M. RAY, II** |
| **DEFENDANTS.** | |

**CERTIFICATE OF SERVICE**

On August 12, 2020, I served the foregoing **DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** via email on the following attorneys of record:

Cale Conley, Esq.
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
404-467-1155
cale@conleygriggs.com

Michael K. Johnson, Esq.
Kenneth W. Pearson, Esq.
Adam J. Kress, Esq.
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

*Attorneys for Plaintiff*

4841-9391-4567.1                                             32

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*