# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KEVONNA MICHELLE YOUNG,<br><br>                        **PLAINTIFF,**<br><br>v.<br><br>**INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,**<br><br>                     **DEFENDANTS.** | Civil Action No.: 1:19-CV-4461-WMR |

**DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

Defendant Instant Brands, Inc. ("Defendant" or "Instant Brands"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following responses and objections to Plaintiff's First Requests for Production:

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are hereby incorporated by reference into each of the Specific Responses set forth below, and have the same force and effect as if fully set forth therein.

1.      Defendant objects to these Requests to the extent they seek to establish or imply a waiver of Defendant's right to challenge the relevancy, materiality or admissibility of the information or documents provided by Defendant, or Defendant's right to objects to the use of the information or documents in any subsequent proceeding or trial. In responding to these Requests, Defendant does not waive its right to challenge the relevancy, materiality and/or admissibility of the information or documents provided by Defendant, or to object to the use of

the information or documents in any subsequent proceeding or trial.

2.     Defendant objects to these Requests to the extent they seek to impose rules, requirements, definitions, or obligations upon Defendant that are inconsistent with or beyond those contained in the Federal Rules of Civil Procedure and/or any other applicable rules.

3.     Defendant objects to these Requests to the extent they call for information protected against disclosure by the attorney-client privilege or the attorney work product doctrine. This objection applies, inter alia, to each Request utilizing words or phrases that expand the scope of the Request so as to potentially include privileged information. Any undertakings to provide information in response to any of these Requests should be understood to exclude privileged information. Inadvertent revelation of any protected information will not constitute a waiver of any privilege or any other ground for objections to discovery of the protected information and will not waive the right of Defendant to object to the use of the information during this proceeding.

4.     Defendant objects to these Requests to the extent they seek trade secret, proprietary, confidential, developmental, and/or non-public or commercial information of Defendant or any third-party who has provided information to Defendant with the expectation of confidentiality. Defendant will produce such confidential information or documents only upon entry of, and subject to, an appropriate Protective Order by the Court and for use only in this proceeding.

5.     Defendant objects to these Requests to the extent they use terms and phrases which are not defined and/or are ambiguous. As a result, such Requests may call for information that is not relevant to an issue in this litigation. The nature of the specific ambiguity may be set forth in greater detail in Defendant's Responses and Objections. Defendant further objects to

these Requests to the extent that words such as "all documents" or "related to," or similar words that may be interpreted so broadly as to call for information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or imposes an unreasonable burden on Defendant.

6.      Defendant objects to these Requests to the extent they seek information related to other products or models other than Plaintiff's specific product and/or model.

7.      Defendant objects to these Requests to the extent they seek confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician/patient privilege and/or federal or state statutory and regulatory law, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, et seq.

9.      Defendant objects to these Requests to the extent they seek or purport to seek information that is outside the possession, custody or control of Defendant, and/or insofar as they seek information that is already within the possession of Plaintiff, or to which Plaintiff has equal access, or which is in the public domain.

10.      Defendant objects to these Requests to the extent Plaintiff asserts that Defendant's Responses and Objections thereto constitute an adoption or acceptance of terms or definitions that Plaintiffs have employed. In responding to these Requests, Defendant does not adopt, embrace or accept any term or definition employed by Plaintiff. Defendant has made reasonable efforts to respond to these Requests based on its reasonable interpretation thereof. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's, Defendant reserves the right to supplement its Responses and Objections.

11.      Defendant's searches for information and documents are ongoing and its

Responses and Objections to these Requests are based upon the information and documents presently available. Defendant expressly reserves the right to supplement its Responses and Objections in accordance with the Federal Rules of Civil Procedure based upon information learned during discovery and after further investigation.

12.     Defendant objects to Plaintiff's Requests because they are not reasonably limited in time and therefore are overly broad, unduly burdensome and seek information not relevant to the issues in this proceeding and not proportional to the needs of the case.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents identified, referenced, or consulted in connection with your responses to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Admission, or these Document Requests, including the custodial files for each person identified in response to any Interrogatory or Document Request.

**RESPONSE: Defendant objects to this Request as vague and ambiguous as "custodial files" is undefined.  Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality. Subject to these objections, Defendant refers Plaintiff to product documents for the IP-LUX60 V3 for the relevant time period, which may contain responsive information and will be produced upon entry of an appropriate Protective Order by the Court.**

**REQUEST NO. 2:** Your responses to interrogatories, document requests and requests for admission made in *Mathew Cooper and Mary Cooper, et. al. v. Instant Brands, Inc., et. al.,* Case No. 1:2018-cv-025611, U.S. District Court for the District of Colorado (removed from District

Court for Douglas County, Colorado, October 12, 2018). Include in your response any pleadings or correspondence that set forth any objections you asserted or that described any materials withheld by you in connection with such prior production, including without limitation all privilege logs and production/load file spreadsheets containing file names, folders, metadata, etc.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases. Defendant further objects that this Request seeks publicly accessible information and court documents which are equally available to Plaintiff.**

**Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.**

**REQUEST NO. 3:** Your responses to interrogatories, document requests and requests for admission made in any other personal injury, class action or other pressure cooker litigation in

which it was alleged that one or more persons were burned or exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker. Include in your response any pleadings or correspondence that set forth any objections you asserted or that described any materials withheld by you in connection with such prior production, including without limitation all privilege logs and production/load file spreadsheets containing file names, folders, metadata, etc.

**RESPONSE**: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases.

Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.

**REQUEST NO. 4**: All documents produced by you in *Mathew Cooper and Mary Cooper, et. al. v. Instant Brands, Inc., et. al.,* Case No. 1:2018-cv-025611, U.S. District Court for the District of Colorado (removed from District Court for Douglas County, Colorado, October 12, 2018).

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases. defenses of any party nor proportional to the needs of this case, and unduly burdensome. Defendant further objects that this Request seeks publicly accessible information and court documents which are equally available to Plaintiff. Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.**

**REQUEST NO. 5:** All documents produced by you in any other personal injury, class action or other pressure cooker litigation in which it was alleged that one or more persons were burned or exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases.**

**Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.**

**REQUEST NO. 6:** All affidavits, declarations, depositions and other statements made by you or your employees, former employees, representatives, or any other persons acting at your direction

or on your behalf in *Mathew Cooper and Mary Cooper, et. al. v. Instant Brands, Inc., et. al.,* Case No. 1:2018-cv-025611, U.S. District Court for the District of Colorado (removed from District Court for Douglas County, Colorado, October 12, 2018).

**REPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases. defenses of any party nor proportional to the needs of this case, and unduly burdensome. Defendant further objects that this Request seeks publicly accessible information and court documents which are equally available to Plaintiff.**

**Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.**

Subject to and without waiving the foregoing objections, Defendant states that no depositions of any parties or non-parties were taken in the *Cooper* matter.

**REQUEST NO. 7:** All affidavits, declarations, depositions and other statements made by you or your employees, former employees, representatives, or any other persons acting at your direction or on your behalf in any other personal injury, class action, or other pressure cooker litigation in which it was alleged that one or more persons were burned or exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases.**

**Until Plaintiff narrows her Request in proportion to the needs of this case, such as relating this Request to specific documents that may not be publicly available through the Court's docket, Defendant is unable to respond to it.**

**REQUEST NO. 8:** All organizational charts and other documents that identify your corporate organizational structure from the time you began selling pressure cookers to the present, including but not limited to charts and documents that show the organization of the various departments, divisions and subdivisions (however named) and the heads and/or employees of each such department, division or subdivision (however named).

**RESPONSE:  Defendant objects to this Request on grounds that it is overly broad, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.**

**Subject to and without waiving the foregoing objections, Defendant states that it is not aware of any Instant Brands employees who have personal knowledge of facts relevant to this litigation, aside from those individuals identified in Defendant's Rule 26 disclosures and discovery responses, and Defendant has no obligation to identify employees who lack such knowledge.**

**REQUEST NO. 9:** All documents that identify the following with respect to your pressure cooker product line:

a.      Product managers;

b.      Safety managers;

c.      Regulatory compliance managers;

d.      Engineering managers, researchers, and developers responsible for the design and proper function of your pressure cookers;

e.      Managers responsible for labeling, warnings and instructions;

f.      Managers responsible for advertising, marketing and sales; and

g.      Managers responsible for business development, including retailer and distributor relationships.

**RESPONSE**: **Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.**

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Information sought regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit. Defendant further responds that Guangdong Midea ("Midea") is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot model that Plaintiff claims she used at the time of the incident. Thus, upon information and belief, Midea may have employed individuals with titles listed in this Request and may be in possession of documents that are responsive to this Request. Defendant identifies April Ma, Regional Sales Manager for North America for Midea. Additionally, Defendant responds that its Vice President of Product Management is Yi Qin, its Director of Global Product Compliance is Jennifer Pritchard, its Marketing Manager is Shelley Hutchinson, and its Director of Sales is Wade Kellems. These individuals are employed by Defendant and may only be contacted by written request to undersigned counsel.**

**REQUEST NO. 10:** All documents concerning the design and design process for the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, including engineering drawings and other documents showing the precise dimensions and specifications for the pressure cookers' components.

   **RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

   Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-LUX60 V3, would have the information requested. Defendant defines product requirements for Midea, but it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea retains engineering drawings and specifications on its own behalf and Midea makes independent decisions to change design elements of the Instant Pot models that it manufactures. Defendant also refers Plaintiff to product documents for the IP-LUX60 V3

for the relevant time period, which may contain responsive information and will be produced upon entry of an appropriate Protective Order by the Court.

**REQUEST NO. 11:** All documents that record or reflect the document retention policies and document destruction policies you have had in place since you began selling pressure cookers.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Information sought regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit. Defendant further responds that discovery and investigation of this matter is ongoing and Defendant will supplement this response as appropriate.

**REQUEST NO. 12:** All primary and excess insurance policies that may potentially cover claims regarding your pressure cookers, and any related declinations of coverage or reservations of rights.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad in that it seeks information related to "your pressure cookers," which would include information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks

insurance policies that do not apply to the subject incident. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant refers Plaintiff to the applicable insurance policies, which will be produced upon entry of an appropriate Protective Order by the Court.

**REQUEST NO. 13:** All documents constituting meeting minutes, summaries of meetings or meeting minutes, agendas for meetings, or presentations made at meetings where any of the following were discussed:

     a.     The lid removal burn hazard;

     b.     A potential voluntary recall of Instant Brands pressure cookers;

     c.     Changing the design of Instant Brands' pressure cookers to eliminate the lid removal burn hazard; or

     d.     Changing the warnings, instructions and product literature for Instant Brands' pressure cookers to reduce or eliminate the lid removal burn hazard.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research,

**proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects to the phrase "lid burn removal hazard" as vague and ambiguous.**

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Information sought regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit.  Defendant further responds that Midea is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot model that Plaintiff claims she used at the time of the incident. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea manufactured the product to meet UL certifications and retains the original UL certificates on its own behalf.  Midea makes independent decisions to change the mechanical operation and functionality of the Instant Pot models that it manufactures. Defendant has no meeting minutes or agendas responsive to this request.**

<u>**REQUEST NO. 14**</u>**:** All scientific, engineering, medical or regulatory articles, literature, videos or studies that relate to the lid removal burn hazard.

**<u>RESPONSE</u>: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects**

on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff.  Defendant further objects to the phrase "lid burn removal hazard" as vague and ambiguous.

Subject to these objections, Defendant states that it is unaware of responsive information specifically related to a "lid removal burn hazard." Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea manufactured the product at issue to meet UL certifications. Midea, without any involvement by Defendant, tested the product at issue to ensure its design and product is safe to use. Defendant is informed and believes that Midea may have possession of responsive documents.

REQUEST NO. 15: All documents concerning every investigation, inquiry, test or analysis, including videos, you or others have made regarding the lid removal burn hazard.

RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the phrase "lid removal burn hazard" is vague and ambiguous. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks

information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that it is unaware of responsive information specifically related to a "lid removal burn hazard." Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea manufactured the product at issue to meet UL certifications. Midea, without any involvement by Defendant, tested the product at issue to ensure its design and product is safe to use. Defendant is informed and believes that Midea may have possession of responsive documents.

**REQUEST NO. 16:** All documents, including notes, minutes, recordings, memoranda, internal communications and other documents that record or reflect any discussion of the lid removal burn hazard by you or any other person or entity.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the phrase "lid removal burn hazard" is vague and ambiguous. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further

objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that this Request is duplicative of Request No. 13 and refers Plaintiff to Defendant's response to Request No. 13.

**REQUEST NO. 17:** All documents regarding any information, directions, warnings or cautions you have given or considered giving to consumers regarding the lid removal burn hazard.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the phrase "lid removal burn hazard" is vague and ambiguous. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation.

**Subject to those objections, Defendant states that Midea is the manufacturer of various Instant Pot models during the time period at issue in this case, including the Instant Pot model at issue in this case. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea provided all original warnings and instructions with the IP-LUX60 V3. Defendant is informed and believes that Midea may be in possession of responsive documents. Defendant further refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself and will be supplemented.**

<u>**REQUEST NO. 18:**</u> All documents recording or reflecting any conversations or communications you have had internally or with pressure cooker designers, manufacturers, marketers, or others regarding the lid removal burn hazard.

**<u>RESPONSE:</u> Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the phrase "lid removal burn hazard" is vague and ambiguous. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial**

documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that it is unaware of responsive information specifically related to a "lid removal burn hazard." Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea manufactured the product at issue to meet UL certifications. Midea, without any involvement by Defendant, tested the product at issue to ensure its design and product is safe to use. Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 19:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all documents recording or reflecting the testing protocols applicable to each model, and all documents showing when, where and how the tests were performed and what the test results were. Include in your response, without limitation, the testing documentation for the "10 proven safety mechanisms" referenced at page 4 of the LUX-60 V3 ("Lux 6 Quart") owner's manual, and the safety components listed in subparts a-j of Interrogatory No. 2.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this**

Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-LUX60 V3, would have the information requested. Midea, without any involvement by Defendant, tests the product to ensure its design and product is safe to use.  Midea retains all design, engineering and testing documentation on its own behalf. Quality control is the sole responsibility of Midea and Midea does not provide and has never provided Defendant with any quality control or quality assurance documentation, policies, or procedures, including any testing or "testing protocols." Defendant has no control over the quality control or quality assurance process. Defendant refers Plaintiff to product documents for the IP-LUX60 V3 for the relevant time period, which includes UL certification documents and will be produced upon entry of an appropriate Protective Order by the Court. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 20:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all safety or other certifications sought

and/or obtained for each pressure cooker model, as well as the correspondence and any related documents generated during the process of seeking certification.

**RESPONSE**: Defendant objects to this Request on grounds that it is overly broad, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-LUX60 V3, would have the information requested. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea retains all design, engineering and testing documentation on its own behalf. Defendant refers Plaintiff to product documents for the IP-LUX60 V3 for the relevant time period, which includes UL certification documents. Further, Defendant is informed and believes that Midea may be in possession of responsive documents. Defendant is unaware of any other documents responsive to this request. Defendant will supplement this response if non-privileged, responsive information is identified.

**REQUEST NO. 21:** All documents that record or reflect any communications you have had with the Consumer Product Safety Commission (CPSC) and any other governmental or regulatory entity regarding Instant Brands pressure cookers, and all documents provided to such entities by you, and received by you from such entities.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this the Request seeks information regarding other claims, complaints, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff.

Subject to those objections, Defendant states that responsive information would be published on the CPSC website and therefore equally accessible to Plaintiff.

**REQUEST NO. 22:** All documents that record or reflect any communications you have had with any foreign governmental or regulatory entity regarding Instant Brands pressure cookers, and all documents provided to such entities by you, and received by you from such entities.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in

this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to those objections, Defendant states that the incident and allegations set forth in Plaintiff's Complaint occurred within the United States, and Plaintiff has failed to set forth how any such information with foreign entities is relevant and discoverable in this matter.

**REQUEST NO. 23:** All documents submitted to or created by any person, committee or other entity responsible for reviewing and approving Instant Brands pressure cooker product manuals, warnings, product and promotional literature, web pages, social media postings, promotional videos and all other similar documents.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff. Defendant further objects on the

ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself. Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Midea provided original warnings and instructions with the IP-LUX60 V3. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 24:** All Instant Brands pressure cooker product manuals, warnings, product and promotional literature, web pages, social media listings, promotional videos and all other documents containing language to the effect that the lid of an Instant Brands pressure cooker cannot be removed until all pressure has been released from the pressure cooker.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant

further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself. Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Midea provided original warnings and instructions with the IP-LUX60 V3. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 25:** All documents concerning promotional, marketing or advertising arrangements you have with other companies or entities regarding Instant Brands pressure cookers, including contracts and related materials explaining what representations can and cannot be made about your pressure cookers, and all documents providing language approved for use and/or not approved for use when promoting, marketing or advertising your pressure cookers.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects

on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself. Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Midea provided original warnings and instructions with the IP-LUX60 V3. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 26:** All documents used to promote, market and sell Instant Brands pressure cookers to distributors, retailers and consumers.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects

on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on grounds that this Request seeks publicly accessible information and documents which are equally available to Plaintiff. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-LUX60 V3, which speaks for itself. Defendant further responds that Midea is the manufacturer of IP-LUX60 V3. Midea provided original warnings and instructions with the IP-LUX60 V3. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period.

**REQUEST NO. 27:** All documents recording or reflecting your post-marketing surveillance practices, policies and procedures regarding the safety of your products, including your pressure cookers.

**RESPONSE:** Defendant objects on grounds that this Request is overly broad because it seeks information regarding "your products, including your pressure cookers," which improperly seeks information on products and/or models that are not at issue in this

case and are not relevant to the case. Defendant further objects on grounds this Interrogatory is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant objects to this Interrogatory as vague and ambiguous on grounds that the terms "post-marketing surveillance practices, policies, procedures" are undefined. Defendant further objects that this Interrogatory assumes facts not in evidence. Defendant also objects to the extent this Request seeks information that is protected by the attorney-client privilege and work product doctrine.

Subject to these objections, Defendant states that it investigates customer complaints and product returns. As discovery is ongoing, Defendant will supplement non-privileged and responsive information for the relevant product and time period, if any, pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 28:** All documents recording or reflecting the findings, conclusions, and any other information generated as a result of your post-marketing surveillance regarding the safety of your pressure cookers.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information that is protected by the

attorney-client privilege and work product doctrine. **Defendant cannot respond to this Request as presently drafted.**

**REQUEST NO. 29:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all complaints, claims or incidents in which it is alleged that a person was burned in connection with the use of one of your pressure cookers, and produce all summaries, investigations, assessments, evaluations and other documents you prepared regarding each such complaint, claim or incident.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant cannot respond to this Request as presently drafted.**

**REQUEST NO. 30:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce the owner's manual and all other packaging and promotional materials that accompanied the pressure cookers when they were sold.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or**

defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.   Subject to these objections, Defendant refers Plaintiff to the applicable user manual and marketing materials for the IP-LUX60 V3.

**REQUEST NO. 31:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all documents recording or reflecting the quality control and/or quality assurance policies and procedures used at the factories where your pressure cookers are manufactured, to help ensure that each pressure cooker is manufactured in accordance with its design specifications.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information that may be protected by the attorney-client and/or attorney-work product privileges.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Defendant further

**responds that Midea is the manufacturer of IP-LUX60 V3. Midea, without any involvement by Defendant, tests the product to ensure its design and product is safe to use. Quality control is the sole responsibility of Midea and Midea does not provide and has never provided Defendant with any quality control or quality assurance documentation, policies or procedures. Defendant has no control over the quality control or quality assurance process. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.**

**REQUEST NO. 32:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all documents pertaining to the design, engineering and testing associated with each of the safety features described at page 4 of the owner's manual for the LUX-60 V3 ("Lux 6 Quart") model pressure cooker involved in this lawsuit:

    a.        Safety lid lock;

    b.        Pressure regulator;

    c.        Leaky lid smart detection;

    d.        Anti-blockage vent;

    e.        Magnetic sensor for lid position detection;

    f.        Auto pressure control;

    g.        Excess pressure protection;

    h.        Auto temperature control;

    i.        High temperature monitoring; and Power fuse cut off.

**RESPONSE**: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-LUX60 V3, would have the information requested. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea retains all design, engineering and testing documentation on its own behalf. Defendant refers Plaintiff to the user manual and marketing materials for the IP-LUX60 V3 for the relevant time period. Further, Defendant is informed and believes that Midea may be in possession of responsive documents.

**REQUEST NO. 33:** All contracts and other documents that record or reflect the agreements you have with the companies that manufacture and/or distribute and/or sell your pressure cookers.

**RESPONSE**: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are

not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-LUX60 V3, as alleged in Plaintiff's Complaint. The terms of Defendant's agreement(s) with Midea are confidential.

**REQUEST NO. 34:** For the LUX-60 V3 ("Lux 6 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, all intellectual property documentation pertaining to each model of pressure cooker, including patents and patent numbers and marks.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Defendant's response to Interrogatory No. 14 served concurrently herewith. Defendant holds no patents for the IP-LUX60 V3 model at issue in case. All utility patents regarding the Instant Pot models manufactured by Midea are held by Midea.

**REQUEST NO. 35:** If you contend that the acts or omissions of Plaintiff or any other persons or entities are responsible for Plaintiff's injuries and damages, produce all documents that you claim support your contention.

**RESPONSE: Defendant refers Plaintiff to the all documents produced, Defendant's Answer, Initial Disclosures, Expert Disclosures, and Expert Reports, some of which may be forthcoming pursuant to the Scheduling Order entered in this case. Defendant will disclose any and all documents and evidence it intends to use in the trial of this matter throughout the course of fact and expert discovery, which is ongoing.**

**REQUEST NO. 36:** All documents you may introduce or attempt to introduce as exhibits at trial.

**RESPONSE: Defendant will disclose trial exhibits in accordance with the Federal Rules of Civil Procedure and the Scheduling Order entered in this case.**

**REQUEST NO. 37:** All statements pertaining to this lawsuit.

**RESPONSE: None.**

**REQUEST NO. 38:** All expert witness reports and supporting documentation pertaining to this lawsuit.

**RESPONSE: Defendant will disclose expert witness opinion in accordance with the Federal Rules of Civil Procedure and the Scheduling Order entered in this case.**

**REQUEST NO. 39:** If any of your responses to Plaintiff's First Set of Requests for Admission were not unequivocal admissions, provide all documents which you contend support each such response.

**RESPONSE: Please refer to Defendant's objections and responses to Plaintiff's Requests for Admissions and documents referenced herein.**

This 12th day of August, 2020.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KEVONNA MICHELLE YOUNG,<br><br>    PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>    DEFENDANTS. | Civil Action No.: 1:19-CV-4461-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2020, I served the foregoing **DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** via email on the following attorneys of record:

Cale Conley, Esq.
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
404-467-1155
cale@conleygriggs.com

Michael K. Johnson, Esq.
Kenneth W. Pearson, Esq.
Adam J. Kress, Esq.
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com
*Attorneys for Plaintiff*

4814-8393-5943.1                                   38

**LEWIS   BRISBOIS   BISGAARD   &
SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*