IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVONNA MICHELLE YOUNG,<br><br>PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>DEFENDANTS. | CASE NO. 1:19-cv-04461<br><br>JUDGE WILLIAM M. RAY, II |

### DEFENDANT INSTANT BRANDS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION REGARDING OTHER SIMILAR INCIDENTS

COMES NOW Defendant, Instant Brands Inc. ("Defendant" or "Instant Brands Inc."), Defendant in the above-styled civil-action, and pursuant to F.R.C.P. 34, and hereby responds to Plaintiff's Supplemental Request for Production Regarding Other Similar Incidents as follows:

### RESPONSES AND OBJECTIONS

**REQUEST NO. 40:** All complaints, claims or incidents in which it is alleged that a person was burned in connection with the use of one of your pressure cookers when the lid of the cooker was removed or blew off while the unit was still pressurized, and produce all summaries, investigations, assessments, evaluations and other documents you prepared regarding each such complaint, claim or incident.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other**

4830-5803-3125.2

than Plaintiff's specific model, the IP-LUX60 V3, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Finally, Defendant objects to this Request as seeking confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician/patient privilege and/or federal or state statutory and regulatory law, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, et seq.

In addition, Defendant specifically reserves the right to supplement this response at the completion of its review of a large cache of documents that is likely to contain information and documents responsive to this request.

Subject to these objections, Defendant states as follows: Please refer to the spreadsheet summarizing other occurrence ticket information for the Instant Pot LUX product models from the time period of October 7, 2015 – October 7, 2017, *see* IBI_000001. Defendant further responds that it is not aware of any other occurrence litigation cases for the Instant Pot LUX product models from the time period of October 7, 2015 – October 7, 2017, and therefore, is not in possession of information responsive to this Request.

This 16th day of April, 2021.

*(Signature on next page)*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

Katherine L. Vaughn
Colorado Bar Number 40457
*Admitted Pro Hac Vice*
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: 303.861.7760
Katherine.Vaughn@lewisbrisbois.com

*Counsel for Defendant Instant Brands Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEVONNA MICHELLE YOUNG,** | |
| **PLAINTIFF,** | |
| v. | **CASE NO. 1:19-cv-04461** |
| **INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,** | **JUDGE WILLIAM M. RAY, II** |
| **DEFENDANTS.** | |

## CERTIFICATE OF SERVICE

On April 16, 2021, I served the foregoing **DEFENDANT INSTANT BRANDS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION REGARDING OTHER SIMILAR INCIDENTS** via email on the following attorneys of record:

Cale Conley, Esq.
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
404-467-1155
cale@conleygriggs.com

Michael K. Johnson, Esq.
Kenneth W. Pearson, Esq.
Adam J. Kress, Esq.
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands Inc.*

4830-5803-3125.2                      5