IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVONNA MICHELLE YOUNG, | |
| Plaintiff, | CIVIL CASE NO: |
| v. | 1:19-CV-04461-WMR |
| INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY, | |
| Defendants. | |

**ORDER**

With the parties at an impasse and discovery at a standstill, the Court has been called upon to intervene so that this litigation may finally move forward. Before the Court are Plaintiff's Motions to Strike Defendant's Unverified Interrogatory Answers, Compel Discovery, and Impose Sanctions. [Doc. 41-1]. For the reasons below, the Court grants each Motion.

Plaintiff filed this product liability action in October of 2019, alleging that she was burned when the lid of a pressure cooker manufactured by Defendant opened while it was still pressurized. [Doc. 1 at 4]. Discovery commenced in February of 2020, and the Court ordered an eight-month discovery deadline of October 22, 2020. [Doc. 19 at 1]. Upon joint motions of the parties, the Court granted two discovery extensions, with a final discovery deadline of March 22, 2021. [Docs. 28; 32]. Notwithstanding the additional time and the Court's warning that it was unlikely to

1

grant another extension, the parties asked the Court nearly a month after the final discovery deadline to chaperon them through discovery processes that should have concluded months ago. [Docs. 32 at 2; 41].

Defendant's slow-walking and lack of cooperation are largely responsible for the present state of discovery and the issues that underlie Plaintiff's current Motions.[1] Defendant does not dispute that it has failed to provide adequate initial disclosures, to verify interrogatory answers, to produce documents responsive to Plaintiff's document requests, or to provide a privilege log. [Doc. 49]. Instead, in its Response to Plaintiff's Motions, Defendant reiterates the difficulty of completing necessary document review, assures the Court that it is doing its best to comply in a timely manner, and asks the Court to stay discovery for 120 days. [*Id.* at 2–3].[2] However, Defendant's inability to comply with basic discovery requirements is not good cause to stay discovery, and the Court refuses to do so.

---

[1] Plaintiff admits, and the Court understands, that Defendant's counsel is not the primary source of the discovery issues in this case. Rather, Defendant Instant Brands, Inc. has failed to cooperate with routine discovery requests in this case and in other cases and has not provided necessary information and documentation to its own counsel.

[2] Defendant also cites a settlement conference and asks the Court, in the interest of judicial economy, to wait before issuing a dispositive ruling on Plaintiff's present Motions. However, Defendant's wait-and-see proposal is neither appropriate nor good cause to stay discovery, particularly when considering the circumstances that have brought these Motions before the Court today.

2

Although previous meet-and-confer conferences have been unproductive, the Court understands that the parties have conferred and made significant progress towards resolving their discovery disagreements since the May 26, 2021, hearing on Plaintiff's instant Motions. Defendant and Plaintiff now agree that Defendant's counsel was unaware of the volume of electronically stored information ("ESI") when the parties filed their Joint Preliminary Report and Discovery Plan [Doc. 17], and thus, the Scheduling Order [Doc. 19] did not afford adequate time for discovery. [Doc. 52 at 4]. In light of this development, the Court recently granted Defendant's Unopposed Motion for Extension of Time to Complete Discovery to extend the final discovery deadline to January 14, 2022. [Docs. 53; 54].[3] The Court now turns to the individual issues addressed in Plaintiff's Brief. [Doc. 41-1].[4]

---

[3] Although the Court commends the parties' recent efforts to cure discovery issues, the parties should have notified the Court about the gross ESI miscalculation well in advance of the discovery deadline, much less nearly three months *after* it had passed.

[4] The Court acknowledges the recent agreements of the parties—formalized in a letter attached as Exhibit A to the Joint Status Report—which provide for rolling production of documents and other timing schedules agreed upon by the parties. [Docs. 52; 52-1 (Ex. A)]. This Order also sets forth deadlines and timing schedules regarding specific discovery issues addressed by Plaintiff's present Motions. [Doc. 41-1]. To the extent that the deadlines and timing schedules of the parties' agreements differ from those provided by this Order, the deadlines and schedules of the parties' agreements take precedence over those provided in this Order. However, notwithstanding the parties' agreements to the contrary, any of Defendant's interrogatory answers that remain unverified as of the date of this Order shall be stricken completely rather than amended, and Defendant shall pay to Plaintiff, through Plaintiff's counsel, $3,000 within 30 days of the date of this Order.

## I. PRIVILEGE LOG AND INITIAL DISCLOSURES

It is well established that "district courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion."). This discretion is required given "the responsibility of trial courts to . . . avoid 'a massive waste of judicial and private resources' and a loss of society's 'confidence in the courts' ability to administer justice.'" *Perez*, 297 F.3d at 1263 (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)). The Court proceeds with these principles in mind.

### a. Privilege Log

Plaintiff asks the Court to compel Defendant's compliance with numerous discovery requests and requirements, and the Court addresses those individual complaints in subsequent sections of this Order. [Doc. 41-1]. However, in many instances, Defendant asserts claims of privilege when refusing to disclose, produce, and answer. [Docs. 41-8 (Ex. 5) at 12–13; 41-9 (Ex. 6); 41-10 (Ex. 7)].

A party withholding otherwise discoverable information under a claim of privilege must "describe the nature of [that information] . . . in a manner that . . . will

enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Defendant's generalized privilege objections, however, allow neither Plaintiff nor the Court to assess the claims' merits. Defendant admits that it has not yet provided a privilege log that complies with the requirements of Rule 26(b)(5)(A) and contends that it cannot do so until it completes further document review. [Doc 49 at 8–9]. So that Plaintiff and the Court may assess Defendant's privilege objections, the Court orders Defendant, within 30 days of the date of this Order, to provide a privilege log that conforms to the requirements of Rule 26(b)(5)(A).

### b. Initial Disclosures

Plaintiff alleges, and Defendant does not dispute, that Defendant's initial disclosures do not conform to the requirements of Federal Rule of Civil Procedure 26(a)(1)(A). [Doc 41-1 at 13]. Specifically, Defendant only provided names of "[c]urrent and former employees, agents and representatives of Instant Brands . . . [that] may have information" relating to Plaintiff's complaint. [Doc. 41-8 (Ex. 5) at 9]. However, the Federal Rules also require Defendant to disclose "the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, Defendant's initial disclosures identified documents in its possession that may be used to support its claims or defenses, but Defendant has not provided "a copy—or a description by category and location" of those documents as required by the Federal Rules. [Doc. 41-8 (Ex. 5) at 12–13]; Fed. R. Civ. P. 26(a)(1)(A)(ii).

The Court grants Plaintiff's Motion to Compel as to these issues and orders Defendant, within 30 days of the date of this Order, to disclose the subjects of the discoverable information likely known by the current and former employees, agents, and representatives that Defendant identified in its initial disclosures as required by Rule 26(a)(1)(A)(i). The Court further orders Defendant, within 30 days of the date of this Order, to produce copies—or descriptions by category and location—of the documents Defendant identified in its initial disclosures that it may use to support its claims or defenses as required by Rule 26(a)(1)(A)(ii). Discussed in further detail below, the Court's grant of Plaintiff's Motion to Compel requires an award of reasonable expenses under Rule 37(a)(5)(A).

## II.   INTERROGATORIES AND DOCUMENT PRODUCTION

Plaintiff also asks the Court to strike Defendant's unverified interrogatory answers, to compel Defendant to provide complete and verified interrogatory answers, and to compel Defendant to provide compete document request responses. [Doc. 41-1].

### a. Other Similar Incidents

Many of the interrogatories and production requests at issue center around the discovery of other similar incidents ("OSIs"), which Defendant has failed to produce in the present case and in cases pending before other courts. [*Id.* at 18–19]. Namely,

Plaintiff seeks, through interrogatories[5] and document production requests,[6] discovery of other pressure cooker models sold by Defendant, as well as consumer complaints about those models and the model at issue in this litigation. Defendant has objected to Plaintiff's requests and interrogatories on grounds that they are overly broad and seek information that is not proportional to the needs of this case or that might be privileged or subject to work-product protection. [Docs. 41-9 (Ex. 6) at 5–17, 26; 41-10 (Ex. 7) at 32].

Eleventh Circuit precedent dictates that "[e]vidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen ex rel. Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). Although the Eleventh Circuit requires the conditions that caused other incidents to be substantially similar and not too remote for evidence of those incidents to be admissible,[7] "courts have set forth no black letter . . . law regarding *discovery* of predecessor models in products liability cases." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (emphasis added).

---

[5] *See* Doc. 41-9 (Ex. 6) at 5–17, 26.

[6] *See* Docs. 41-10 (Ex. 7) at 25, 32; 41-12 (Ex. 9) at 3.

[7] *See Hessen*, 915 F.2d at 649.

Nevertheless, "discovery of similar, if not identical, models is generally permitted," and "different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Id.* at 380–81 (quoting *Fine v. Facet Aerospace Prods.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990)). As with pre-incident OSIs, courts have also recognized that *post*-incident OSIs are discoverable so long as the subsequent incidents are substantially similar to the subject incident. *See Burke v. U-Haul Int'l, Inc.*, No. 3:03CV-32, 2006 WL 3760317, at *2 (W.D. Ky. Dec. 15, 2006) ("Both prior and subsequent substantially similar accidents may be introduced into evidence to show dangerousness and causation."); *see also Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977) ("While an accident occurring after the one under investigation might not have been relevant to show defendant's prior knowledge or notice of a product defect, it may have been highly relevant to causation . . . .").[8]

As such, the Court orders Defendant, within 30 days of the date of this Order, to produce the following information for each pressure cooker model that produced an event in which the lid blew off while the cooker was still pressurized during the five years preceding Plaintiff's incident in this case and through the present: (1) the model number; (2) the specifications that would permit a reasonable person to

---

[8] All decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

determine whether the model is substantially similar to the IP-LUX60 V3 in terms of its lid and its safety features for using the product's pressure cooker feature; (3) a description of the nature of the event, including the date and injuries allegedly sustained; and (4) for those incidents which Defendant maintains were not substantially similar to the incident alleged by Plaintiff, a statement by Defendant as to why it contends that the model and/or incident is not substantially similar to the IP-LUX60 V3 in terms of the features relevant to this case.[9] The Court further orders Defendant, within 30 days of the date of this Order, to produce all documents that record or reflect any communications that Defendant has had with the Consumer Product Safety Commission (CPSC) and any other governmental or regulatory entity regarding Defendant's pressure cookers, and all documents provided to such entities by Defendant and received by Defendant from such entities.

---

[9] As was noted at the hearing on May 26, 2021, the Court is adopting the terms of Judge Land's Order from a substantially similar case in the Middle District of Georgia in which Plaintiff's counsel filed suit against Defendant Instant Brands, Inc. *See Snyder v. Instant Brands, Inc.*, No. 4:19-CV-212, 2021 WL 1989933, at *2 (M.D. Ga. May 18, 2021). This Court's Order differs only in that it requires Defendant to produce information about incidents occurring through the present. The Court finds the terms of this Order reasonable considering that most of the information that Defendant is required to produce will be duplicative to that required by Judge Land's Order.

### b. Unverified Interrogatory Answers

Federal Rule of Civil Procedure 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). When a party fails to sign a response under oath, "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2). Defendant does not dispute that it has yet to provide verified interrogatory answers but merely reassures the Court that it will amend its responses "in the very near future." [Doc. 49 at 8]. However, the Court finds little solace in Defendant's assurances of timeliness in the sixteenth month of discovery in this case. The Court orders all of Defendant's interrogatory answers that remain unverified as of the date of this Order to be stricken completely. The Court further orders Defendant, within 30 days of the date of this Order, to answer all interrogatories in accordance with Federal Rule of Civil Procedure 33.

### III. SANCTIONS

The Court finds that sanctions are both warranted and required in this case. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a "motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Thus, unless an exception applies, the Court's grant of Plaintiff's Motion to Compel as to initial disclosures, interrogatory answers, document request responses, and a privilege log requires an award of reasonable expenses. Plaintiff served a meet-and-confer letter on Defendant's counsel and met and conferred with Defendant before seeking the Court's intervention. Thus, the exception in Rule 37(a)(5)(A)(i) does not apply. [Doc. 41-13 (Ex. 10)]. Further, the Court does not find Defendant's noncompliance with discovery to be substantially justified, nor does it find an award of expenses unjust.[10] As such, the Court will impose sanctions.

In Declarations submitted to the Court, Plaintiff's counsel stated that the fees and costs incurred for prosecuting and preparing the present Motions were $26,075: 35 hours of a partner's time at a rate of $725 per hour and 2 hours of an associate's time at a rate of $350 per hour. [Docs. 41-2 at 13; 41-3 at 10]. While the Court acknowledges that Plaintiff's counsel has devoted some time in filing these Motions, the Court finds that a reasonable sanction is $3,000—6 hours of a partner's time at $500 per hour.[11] Within 30 days of the date of this Order, Defendant shall pay to Plaintiff, through Plaintiff's counsel, a sanctions award of $3,000.

---

[10] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii–iii). Defendant's counsel now claims it is conducting "colossal" ESI review, but Defendant should have informed the Court of this months ago, not after the discovery deadline had already passed. [Doc. 49 at 2].

[11] Plaintiff's counsel even suggests that the Court calculate expenses by setting the partner's rate at $500 per hour rather than $725 per hour if it finds the $725 per hour rate to be "too high for these circumstances." [Doc. 41-2 at 12].

### IV. CONCLUSION

For the above reasons, Plaintiff's Motions to Strike Defendant's Unverified Interrogatory Answers, Compel Discovery, and Impose Sanctions are **GRANTED**. Defendant shall, within 30 days of the date of this Order, pay Plaintiff, through Plaintiff's counsel, $3,000 in sanctions as explained above. The Court further **ORDERS** all of Defendant's interrogatory answers that remain unverified as of the date of this Order to be stricken completely. Additionally, the Court **ORDERS** Defendant to produce, answer, and comply with the discovery requests and requirements to the extent ordered above.

**IT IS SO ORDERED,** this 14th day of July, 2021.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE